**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> VICTOR MANUEL LOPEZ-MORALES, a.k.a. Victor Manuel Lopez, <br><br> Defendant-Appellant. | Nos. 14-10564 <br> 14-10565 <br><br> D.C. Nos. 4:14-cr-00833-RCC <br> 4:14-cr-50058-RCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Victor Manuel Lopez-Morales appeals from

the 77-month sentence imposed following his guilty-plea conviction for attempted

reentry of a removed alien, in violation of 8 U.S.C. § 1326, as well as the 12-month

consecutive sentence imposed upon revocation of his supervised release. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Morales contends that the district court procedurally erred by failing to address his argument that his cultural assimilation warranted a below-Guidelines sentence, and by referencing 18 U.S.C. § 3553(a) at the conclusion of the sentencing hearing. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Lopez-Morales's argument concerning his assimilation, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, there is no indication that the court committed plain error by mentioning section 3553(a).

Lopez-Morales also contends that his sentences are substantively unreasonable in light of his cultural assimilation. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The sentences are substantively reasonable in light of the applicable sentencing factors and the totality of the circumstances, including Lopez-Morales's criminal history, his multiple prior removals, and his failure to be deterred by prior sentences. *See id*.

**AFFIRMED.**

14-10564 & 14-10565